UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CRYSTAL S., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 4:22-CV-10-JVB |

## OPINION AND ORDER

Plaintiff Crystal S. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's June 12, 2020 application for benefits, she alleged that she became disabled on March 15, 2020. After an April 27, 2021 hearing, the Administrative Law Judge (ALJ) issued his decision on June 28, 2021, finding that Plaintiff had the severe impairments of obesity, degenerative disc disease of the lumbar spine, status-post lumbar fusion and laminectomy, moderate osteoarthritis of the left hip, and right femur fracture by history with retained hardware. (AR 28). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following exceptions:

> [T]he claimant can lift, carry, push, and/or pull up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 2 hours in an 8-[hour] workday; and sit for up to 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights. The claimant can have no concentrated exposure to extreme cold or vibration.

(AR 30). The ALJ determined that Plaintiff was incapable of performing her past relevant work but was able to perform the job requirements of the representative occupations of order clerk, lens inserter, and address clerk. (AR 33-34). Accordingly, the ALJ found Plaintiff to not be disabled from March 15, 2020, through June 28, 2021, which is the date of the ALJ's decision. (AR 34). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**ANALYSIS**

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ failed to subject complex imaging to expert scrutiny and because the ALJ determined that 63,900 jobs in the national economy is a "significant number." The Court agrees with Plaintiff that the first argument necessitates remand of this matter.

**A. Medical Imaging**

Plaintiff contends that the ALJ erred in determining Plaintiff's RFC by assigning "persuasive" weight to the medical opinion of a reconsideration-stage state agency reviewing physician where that physician did not consider significant new medical evidence—a September 2020 MRI showing progressed stenosis and neuroforaminal narrowing, and a December 2020 spinal surgery, both of which demonstrated a significant worsening of Plaintiff's condition.

"[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990); *see also, e.g.*, *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Instead of

3

interpreting new evidence on their own, ALJs should submit new and potentially decisive medical evidence to medical scrutiny. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). "An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018); *see also Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence.").

The ALJ noted that Plaintiff's March 2020 lumbar MRI showed multilevel degenerative changes resulting in stenosis and neuroforaminal narrowing. (AR 31). The results of Plaintiff's September 2020 MRI report, in part, progressed stenosis and neuroforaminal narrowing from her previous MRI, including "left neuroforaminal narrowing" at L3-4, which "may be mildly progressed from the comparison study." (AR 547). The ALJ noted that this later MRI "showed extensive multilevel degenerative changes with stenosis." (AR 31). Plaintiff's December 2020 surgery resulted in removal of hardware at L4-L5, decompressive lumbar laminectomy at L3-L4, posterolateral lumbar interbody fusion at L3-L4, posterolateral spinal fusion at L3-L4, and pedicle screw instrumentation at L3-L4. (AR 543).

The ALJ concluded that Plaintiff's condition had significant postural limitations, but also found that she was still capable of a limited range of sedentary work. It appears that the ALJ "played doctor" in concluding, based on his review of the evidence, that the decline in Plaintiff's spinal condition (as evidenced by the MRI and surgery) did not affect her ability to work beyond that opined to by the state agency reviewing consultant.[1] The ALJ noted that restrictions were

---

[1] The ALJ also found persuasive the medical opinion by Plaintiff's medical provider that Plaintiff was limited to performing "sit down work only." (AR 33). The parties do not brief this issue, so the Court will not resolve the question of whether the RFC found by the ALJ is compatible with "sit down work only."

4

needed due to Plaintiff's increased back and hip pain that occurred with standing, walking, and bending. (AR 33).

It is unclear how the ALJ would be in a position to conclude that the evidence of the MRI and surgery do not indicate that Plaintiff needed restrictions beyond what is permitted by the limited range of sedentary work outlined in the RFC. A medical professional is best positioned to decide the significance of those findings. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). Given that the limitation to sedentary work was based in significant part on Plaintiff's spinal condition, and given the evidence that Plaintiff's condition had worsened to the point of needing surgery, the ALJ's failure to subject this "new and potentially decisive medical evidence" to medical scrutiny requires remand.

### B. Significant Number of Jobs

Plaintiff argues that the 63,900 positions in the national economy that were identified as jobs that a person with Plaintiff's RFC could perform do not amount to a "significant number" of jobs as is required to find that Plaintiff is not disabled. The caselaw of the Seventh Circuit "does not provide a clear baseline for how many jobs are needed" to meet the threshold of a significant number of jobs. *Milhem v. Kijakazi*, 52 F.4th 688, 696 (7th Cir. 2022). The Seventh Circuit Court of Appeals has recently held that 89,000 jobs is a significant number of jobs in two cases. *See id.* at 696-97; *Kuhn v. Kijakazi*, No. 22-1389, 2022 WL 17546947, at *3 (7th Cir. Dec. 9, 2022).

The courts in *Milhem* and *Kuhn* addressed what evidence is sufficient to support that a certain number of jobs exist, but those courts did not provide guidance as to what number of jobs is significant, other than implicitly finding that 89,000 jobs meet the standard. In short, the Seventh Circuit's recent cases have focused on whether the number of jobs identified is accurate, not

5

whether it is a sufficient number to be "significant." To be sure, though, "work existing in 'very limited numbers' cannot be 'significant.'" *Kuhn*, No. 22-1389, 2022 WL 17546947, at *2.

Where an ALJ has "grounded her conclusion that the number of jobs mentioned was 'significant' on her consideration of [the claimant's] age, education, work experience, and [RFC] and that [the claimant] was capable of making a successful adjustment to work that exists in the economy," then the decision is based on substantial evidence. *Milhem*, 52 F.4th at 696 (internal quotations omitted). Those are the same matters that the ALJ considered here in finding that the 63,900 positions in the national economy identified by the vocational expert here as jobs that Plaintiff can perform were a significant number. The ALJ's step five analysis does not require remand.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief, **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on March 6, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT